```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL BROJER and ANNAMMA BROJER,

                    Plaintiffs,
                                           ORDER
         -against-                         11-CV-3156 (JS)(WDW)

GEORGE KURIAKOSE, ANNE KURIAKOSE,
U.S. DEPARTMENT OF STATE, USCIS
HOMELAND SECURITY AND ICE DIVISION,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Michael Brojer, Pro Se
                   307 Vanderbilt Blvd.
                   Oakdale, New York 11769

                   Annamma Brojer, Pro Se
                   Manthottathil House
                   Eranakulam Kalloorkad
                   Kerala, India 686668

For Defendants:    No appearances
```

SEYBERT, District Judge:

Plaintiff, Michael Brojer ("Plaintiff"), filed this action pro se on May 11, 2011 in the United States District Court for the Southern District of New York, purportedly on behalf of his wife, Annamma Brojer ("Annamma"), alleging that defendants Anne and George Kuriakose (together, the "Kuriakose Defendants") trafficked Annamma and held her against her will at their home in Suffolk County.[1]  By Order dated June 27, 2011, the action was transferred from the Southern District of New York to this Court.  (See Transfer Order, dated June 27, 2011, Preska, D.J.).

---

[1] The Complaint is signed only by Plaintiff who is alleged to reside in Oakdale, New York.  Annamma is alleged to reside in India.

Plaintiff also alleges that the other Defendants, the offices of the U.S. Department of State, the United States Department of Homeland Security's Citizenship and Immigration Services ("USCIS") and ICE Division (collectively, the "Federal Defendants"), failed to respond to his requests for prosecution of the Kuriakoses. He seeks to have his wife's visa violation removed and "to see if my rights of due process was block[ed] by state dep[ar]t[ment] and USCIS and ICE." (Compl. at ¶ V).

Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the Plaintiff's declaration supporting the application, Plaintiff may proceed in forma pauperis solely for the purpose of this Order. For the reasons that follow, an Amended Complaint or a notice of appearance by counsel must be filed within sixty (60) days of this Order.

I.  BACKGROUND

Plaintiff's sparse Complaint concerns his wife, Annamma. Plaintiff alleges that the Kuriakose Defendants contracted with a trafficker named "Cutchimon" located in Elmont, New York to traffic Annamma to the United States from India. (Compl. at ¶ III). Plaintiff claims that Annamma was held her against her will at the Kuriakose Defendants' home in Suffolk County from October 1996 to December 2002. (Id.). According to the Complaint, Annamma's passport was returned to her "after the contract was fulfilled." Id. Although Plaintiff does not describe what next occurred, presumably Annamma was deported to India in June 2003. (Id.).

2

Plaintiff alleges that the U.S. State Department advised him that the "immigration papers are not ours" and that he has been told by "two senators office[s]" that "your wife has no rights." (Id.) He states that "every time I ask where to report the crime no answer and no response." (Id.).

Plaintiff claims no injuries in his Complaint, but requests the following relief: "If Court can have VISA violation pulled on wife due to trafficking and being held in servitude and to see if my rights of due process was block[ed] by state dept. and USCIS and ICE." (Compl. at ¶ V).

## II. Discussion

### A. In Forma Pauperis Application

Upon review of the Plaintiff's application, this Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted.

### B. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. Section 1915(e), as amended by the Prison

Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002). In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding pro se and that his pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, a plaintiff's pro se status "does not exempt [him] from compliance with relevant rules of procedural and substantive law. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotations and citation omitted).

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). With these standards in mind, the Court considers the Complaint.

C. Standing

As a threshold matter, the Court addresses the

Plaintiff's standing to pursue this Complaint. Under Article III of the United States Constitution, federal courts have jurisdiction only over "cases" and "controversies." U.S. CONST., art. III, § 2; <u>Allen v. Wright</u>, 468 U.S. 737, 750, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). Art. III doctrine requires a litigant to have "standing" to invoke the power of a federal court. <u>Id.</u>; see also <u>United States v. Grundhoefer</u>, 916 F.2d 788, 791 (2d Cir. 1990) ("[w]hether a party has standing in the federal courts is always considered within the framework of Article III, Section 2, cl.1, that extends federal judicial power to all 'cases' and 'controversies,' and which first asks whether the challenged action has caused a plaintiff injury in fact"). As stated by the Supreme Court:

> The requirement of standing . . . has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.

<u>Allen</u>, 468 U.S. at 751 (citing <u>Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 472-75 (1982)). Standing requires that (1) plaintiff has suffered an injury in fact, (2) a causal connection between the injury and the conduct complained of; and (3) likelihood that the injury will be redressed by a favorable decision. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992); <u>see</u> <u>also</u> <u>Lee v. Board of Governors of the</u>

5

Fed. Reserve System, 118 F.3d 905, 910 (2d Cir. 1997). Plaintiff alleges no facts which afford him standing to challenge the Kuriakose Defendants' actions. He makes no allegations against them, the allegations only concern his wife. He does, however, have standing to bring claims on his own behalf against the State Department and immigration authorities.[2]

D. Pro Se Status

Litigants in federal court have a statutory right to act on their own behalf. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ."). However, the statute has been consistently construed to permit parties to only represent their own rights and interests and not the rights and interests of others or of organizations. See, e.g., Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("A person must be litigating an interest personal to him.") Thus, a lay person may not represent a corporation, pursue a shareholder's derivative suit, represent a

---

[2] While he may have standing, Plaintiff's allegations may not state a claim on which relief may be granted. To the extent he seeks to have the Kuriakose Defendants prosecuted, that is outside this Court's authority and rests squarely with the prosecuting authorities. Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'"). Additionally, there is "no constitutional right to an investigation by government officials." Stone v. Dep't of Investigation, No. 91-CV-2471 (MBM), 1992 WL 25202, *2 (S.D.N.Y. Feb. 4, 1992); accord Lewis v. Gallivan, 315 F. Supp. 2d 313, 316-17 (W.D.N.Y.2004).

6

partnership, appear on behalf of her or his minor child (except in social security cases, see Machadio v. Apfel, 276 F.3d 103 (2d Cir. 2002)) and may not proceed pro se as administrator or executor of an estate where the estate has beneficiaries or creditors other than the litigant. Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (citing cases). In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the "threshold question" is "whether a given matter is plaintiff's own case or one that belongs to another." Iannaccone, 142 F.3d at 558.

Here, Plaintiff attempts to bring suit against private individuals, the State Department and federal immigration authorities, on behalf of his wife who is alleged to reside in India. Plaintiff cannot appear on her behalf in this Court unless he is an attorney licensed to practice law. As such, the Complaint, insofar as it alleges claims against Defendants by Plaintiff, a non-attorney individual on a matter that belongs to another, must be dismissed.

E. Claims Against the Federal Defendants

Although Plaintiff names as Defendants the U.S. Department of State and the Department of Homeland Security's USCIS and ICE division, he fails to allege a plausible claim. Plaintiff's bare allegation that he seeks "to see if my rights of due process was block[ed] by State DEPT. and USCIS and ICE" is

7

insufficient to comply with Federal Rule of Civil Procedure 8's requirements. The Supreme Court instructs that a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Given that all complaints, even those that are brought pro se, must contain at least "some minimum level of factual support for their claims," Alfaro Motors, 814 F.2d 883, 887 (2d Cir. 1987) together with Rule 8's directive that a complaint must provide a defendant with sufficient notice of the claim against it, the Court finds that Plaintiff's Complaint as against the Federal Defendants does not comport with Rule 8, is not plausible as pled and is therefore dismissed. Plaintiff is afforded leave to file an Amended Complaint as set forth below.

F.  <u>Leave to Obtain Representation or Proceed Pro Se</u>

The Court affords Plaintiff an opportunity to obtain counsel to represent his wife or to obtain his wife's signature so that her claims may proceed <u>pro</u> <u>se</u>. In order to maintain this action, Annamma must notify the Court of her intention to proceed <u>pro</u> <u>se</u> by amending the Complaint to reflect **her signature and claims within sixty (60) days of the date of this Order.** Annamma must sign the Amended Complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure and she must be prepared to appear at court conferences, telephonically or in person, and to conduct this matter for herself.

Plaintiff is further afforded leave to file an Amended Complaint **within sixty (60) days of the date of this Order** that complies with Rule 8's requirements should he wish to purse his due process claim against the Federal Defendants. It must be titled "Amended Complaint" and bear the same docket number as this Order, No. 11-CV-3156 (JS)(WDW). If Plaintiff fails to file an Amended Complaint within the time allowed, his claims shall be deemed dismissed and judgment shall enter.

Alternatively, Plaintiff may obtain counsel to represent both himself and his wife in this action. Should Plaintiff decide to obtain counsel, counsel must file a notice of appearance within sixty (60) days of the date of this Order.

## CONCLUSION

Accordingly, Plaintiff is directed to submit an Amended

Complaint with Annamma's signature or to obtain counsel within sixty (60) days of the date of this Order. If no Amended Complaint is filed or counsel fails to file a notice of appearance on her behalf within sixty (60) days of the date of this Order, Annamma's claims shall be dismissed without prejudice. Should Plaintiff wish to proceed with his due process claims against the Federal Defendants, he shall file an Amended Complaint as set forth above within sixty (60) days of the date of this Order. If no Amended Complaint is filed, Plaintiff's claims shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  20 , 2011
       Central Islip, New York