UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BROJER,

                  Plaintiff(s),

              -against-

KURIAKOSE,

                  Defendant(s).
------------------------------------------------------------x

Case No.: 11-cv-3156-JS-WDW

**ANSWER**

      Defendants, **KURIAKOSE GEORGE** (incorrectly sued herein as "GEORGE KURIAKOSE," and **ANN GEORGE** (incorrectly sued herein as "ANNE KURIAKOSE"), as and for their Answer to the Amended Complaint, set forth as follows:

      1.      Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the amended complaint designated as follows: the paragraph which begins: "I Annamma Brojer in 1996…," and ends "…I give papers to counciliate and received visa Sept. 1996 I come to America."

      2.      Defendants deny the allegations contained in the paragraph of the amended complaint designated as follows: the paragraph which begins: "George and his wife Ann George meets me at Kochumon's house…," and ends "George and Anne Tell everybody I come from Boston not India to work for them."

      3.      Defendants deny the allegations contained in the paragraph of the amended complaint designated as follows: the paragraph which begins: "When Anne and George go to work They Lock phone in bedroom…," and ends "He did not care about my problems."

      4.      Defendants deny the allegations contained in the paragraph of the amended complaint designated as follows: the paragraph which begins: "George and

Anne very cruel every day...," and ends "...me no passport no house to stay in America."

5. Defendants deny each and every allegation contained in the paragraph of the amended complaint designated as follows: the paragraph which begins: "Sometime in November George and Anne Canada going...," and ends "...Next day I return to George's house my husband work going."

6. Defendants deny the allegations contained in the paragraph of the amended complaint designated as follows: the paragraph which begins: "Anne and George back from Canada...," and ends "All my belongings gone George and Anne 6 years me punishing me no good."

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated as follows: the paragraph which states: "This complaint for George Kuriakose and Anne George and Kochumon from Molly Brojer."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. This court lacks subject matter jurisdiction over the claims in plaintiff's complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. Plaintiff's complaint fails to state or set forth a cause of action against defendants upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. Plaintiff was not deprived of any constitutionally protected life, liberty, or property interests without due process of law, nor were plaintiff's rights under any amendments to or provisions of the United States Constitution, state laws, federal laws, or international laws, violated by defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11.     To the extent applicable, as may be shown by the evidence through discovery, defendants assert that the matters in question and plaintiff's damages, if any, were caused by acts and/or failures to act of persons other than defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12.     Defendants assert, to the extent applicable, each and every affirmative defense set out in Rule 8 of the Federal Rules of Civil Procedure, including, but not limited to, *accord and satisfaction, contributory negligence, estoppel, failure of consideration, illegality, laches, payment, release, res judicata, statute of limitations* and *waiver*.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13.     Defendants assert that plaintiff has failed to mitigate her damages, if any, and if any judgment is recovered against these answering defendants, said judgment should be apportioned and reduced by the percentage of the plaintiff's failure to mitigate said injuries or damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14.     Defendants have taken no action against plaintiff in wilful, malicious or wanton manner, nor have defendants acted with conscious or deliberate indifference to the rights of plaintiff.  Furthermore, plaintiff cannot recover punitive damages against defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15.     Defendants' policies and practices conform to the requirements of all applicable federal and state laws.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

16.     Defendants assert that plaintiff's culpable conduct and/or contributory negligence was the cause of any alleged injuries and/or damages, if any, sustained. That if plaintiff is entitled to any recovery herein, such recovery shall be diminished in the proportion which said culpable conduct attributable to the plaintiff bears to the entire culpable conduct concerning the subject occurrence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are time barred pursuant to the applicable Statute of Limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's complaint fails to comply with the requirement that a cause of action for fraud shall state "the circumstances constituting the wrong...in detail." Therefore, any cause of action for fraud must be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19.     Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will be with reasonable certainty replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law & Rules.  If any damages are recoverable against the said answering defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

20.     Plaintiff has not sustained a serious injury, as defined in New York Insurance Law section 5102(d), or economic loss greater than basic economic loss, as defined in New York Insurance Law section 5102(a) and 5104.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

22.     Plaintiff is estopped from maintaining the instant action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred by the doctrine of failure of consideration.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred by plaintiff's illegal acts.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred by the doctrine of payment.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred by the doctrine of release.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel and law of the case.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

29.     Plaintiff is exempt from the Fair Labor Standards Act of 1938 (FLSA) minimum wage and maximum hour provisions pursuant to 29 U.S.C. § 213(a)(15).

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

30.     Plaintiff is exempt from the FLSA hour and overtime wage provisions pursuant to 29 U.S.C. § 213(b)(21).

**DEFENDANTS HEREBY DEMAND A TRIAL BY JURY**

**WHEREFORE,** defendants demand judgment dismissing the complaint of

plaintiff against them, together with the costs and disbursements of this action.

Dated: Garden City, New York
February 7, 2012

LAW OFFICES OF KEVIN T. GRENNAN, PLLC

By: Kevin T. Grennan
Attorney for Defendants
**KURIAKOSE GEORGE**, incorrectly sued herein
as George Kuriakose, and **ANN GEORGE**,
incorrectly sued herein as Anne Kuriakose
1000 Franklin Avenue, Suite 302
Garden City, New York 11530
(516) 745-5490

TO:   Annamma Brojer
      Manthattathil House
      Eranakulam Kalloorkad
      Kerala
      India
      485 228 8992

Case No.: 11-CV-3156                      Year 2011

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**BROJER,**

                                    **Plaintiff(s),**

                -against-

**KURIAKOSE,**

                                    **Defendant(s).**

                                    **ANSWER**

                **LAW OFFICES OF KEVIN T. GRENNAN, PLLC**
                          *Attorney for* Defendants
                *Office and Post Office Address, Telephone and Fax*
                          1000 FRANKLIN AVENUE, SUITE 302
                               GARDEN CITY, NY 11530
                             Telephone:  (516) 745-5490
                                Fax:  (516) 745-5453

To
Attorney(s) for

Service of a copy of the within _____is hereby admitted.
Dated, _____
                                                    Attorney(s) for

Please take notice
[   ] NOTICE OF ENTRY
that the within is a (certified) true copy of a _____
duly entered in the office of the clerk of the within named court on _____ 200

[   ] NOTICE OF SETTLEMENT
that an order _____of which the within is a true copy will be presented for settlement to the
HON. _____, one of the judges of the within named court, at
_____ on _____ 200 at _____ M

Dated:  Garden City, New York
          February 7, 2012                    **LAW OFFICES OF KEVIN T. GRENNAN, PLLC**
                                              Attorney for Defendants
                                              1000 Franklin Avenue, Suite 302
                                              Garden City, NY  11530
                                              (516) 745-5490