UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANNAMMA BROJER,

                          Plaintiff,

                                              MEMORANDUM & ORDER
            -against-                         11-CV-3156(JS)(WDW)

KURIAKOSE GEORGE s/h/a GEORGE
KURIAKOSE, ANN KURIAKOSE GEORGE
s/h/a ANNE KURIAKOSE, and KOCHUMON,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Annamma Brojer, pro se
                    Manthattathil House
                    Eranakulam Kalloorkad
                    Kerala, India 686668

For Defendants:
The Georges         James M. Carman, Esq.
                    Carman, Callahan & Ingham, LLP
                    226 Main Street
                    Farmingdale, NY 11735

Kochumon            No appearances.

SEYBERT, District Judge:

        Pending before the Court is Defendants Kuriakose

George s/h/a George Kuriakose and Ann Kuriakose George s/h/a

Anne Kuriakose's (together, the "Georges") unopposed motion to

dismiss the Amended Complaint for failure to state a claim under

Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the

alternative, for failure to prosecute under Rule 41(b).  For the

following reasons, the Georges' motion is GRANTED IN PART and

DENIED IN PART.

I.  <u>Factual Background</u>[1]

In or around 1996, Plaintiff Annamma Brojer, who was then living in India, received a phone call from a distant relative in the United States, Defendant Kochumon, telling her to go to the consulate in Mumbai because she had been sponsored for a visa to the United States.  She received her visa in September of that year and came to the United States shortly thereafter.

Upon arriving at Kochumon's house in New York, Mrs. Brojer was introduced to the Georges.  Although it is not explicitly stated in the Amended Complaint, it appears as though Mrs. Brojer was brought to the United States by Kochumon to work for the Georges as a live-in nanny/domestic worker pursuant to a contract between Kochumon and the Georges.  Upon meeting Mrs. Brojer, the Georges "argue[d] with Kochumon" stating that "this woman is no good[;] the children will be afraid of her."  Mrs. Brojer nonetheless left with the Georges, who immediately took her passport.  They allegedly sent her to Boston for a few days, so that, upon her return, they could tell their friends and family that they had hired her from Boston, not India.

---

[1] The following facts are drawn from the Amended Complaint (Docket Entry 7) and are presumed to be true for the purposes of this Memorandum and Order.

The remainder of the Amended Complaint summarizes the conditions of Mrs. Brojer's employment.  She worked all day, every day, cooking, cleaning, and caring for the Brojer's children, yet she was only paid between $1 and $3 per day.  She often had to sleep in the garage, which was not heated, and the Georges did not permit her to use the bathroom without supervision.  They also did not allow her to use the telephone, except on Christmas when she was permitted to call her children in India.  Once, Mr. George drove over Mrs. Brojer's legs with his car and did not seek medical assistance.  The Amended Complaint also asserts that Mrs. Brojer frequently complained of tooth pain, but the Georges would not allow her to visit a dentist.  On multiple occasions, Mrs. Brojer asked for her passport back, so she could visit her children in India, but the Georges would not return her passport.

This continued through December 2002, when the Georges told her that she was no longer needed and returned her passport.  They brought her to the Indian Consulate in New York to get an emergency passport and put her on a plane back to India.  The Georges told her that they would mail Mrs. Brojer her belongings, but they never did.

II.  Procedural Background

Mrs. Brojer's husband, Michael Brojer, commenced this action pro se on May 11, 2011 in the Southern District of New

3

York, purportedly on behalf of himself and Mrs. Brojer, and simultaneously filed an application to proceed in forma pauperis. (Docket Entry 2.) The action was transferred to the undersigned in the Eastern District of New York on June 27, 2011. (Docket Entry 3.) On July 20, 2011, this Court granted Mr. Brojer's application to proceed in forma pauperis but sua sponte dismissed his claims pursuant to 28 U.S.C. § 1915(e) with leave to replead. The Court also advised Mr. Brojer that he could not represent the interests of his wife pro se and granted Mrs. Brojer sixty days to either obtain counsel or file an amended complaint with her signature indicating her intention to litigate this case pro se. (Docket Entry 6.)

Mrs. Brojer filed an Amended Complaint on September 2, 2011, naming the Georges and Kochumon as defendants. (Docket Entry 7.) The Amended Complaint was only signed by Mrs. Brojer; therefore, the Court deemed Mr. Brojer's claims abandoned and dismissed him as a plaintiff in this action. (Docket Entry 8.) Mrs. Brojer subsequently applied for leave to proceed in forma pauperis (Docket Entry 11), which was granted on November 22, 2011 (Docket Entry 13). The U.S. Marshal Service ("USMS") successfully served summonses and copies of the Amended Complaint on the Georges; however, USMS was unable to serve Defendant Kochumon at the address provided. (Docket Entries 17-

19.)  The Georges answered the Amended Complaint on February 7, 2012.  (Docket Entry 20.)

Magistrate Judge William D. Wall held an initial conference on July 19, 2012.  At Mrs. Brojer's request, Judge Wall permitted Mr. Brojer to appear, via telephone, on her behalf due to the fact that Mrs. Brojer resided in India.  Mr. Brojer's privilege of participating in his wife's conferences was later revoked by Judge Wall after he left a threatening message on the Pro Se Office voicemail.  (Docket Entry 34.) Another telephone conference was held on September 19, 2012, with Mrs. Brojer representing herself.  At the conference, she indicated that she lives in India and is unable to leave due to visa restrictions.  Judge Wall ordered Mrs. Brojer to "obtain counsel and/or to inform the court in writing when she will be able to travel to this country to prosecute her action." (Docket Entry 35.)  Mrs. Brojer was warned that her failure to comply with Judge Wall's order within ninety days would result in Judge Wall recommending to the undersigned to dismiss her case for failure to prosecute.  (Docket Entry 35.)  A status conference was scheduled for December 19, 2012.

On November 26, 2012, Mrs. Brojer filed a letter requesting an adjournment of the December status conference to "mid 2013" on the grounds that, among other things, she was awaiting a response from the American Civil Liberties Union's

trafficking division regarding her request for pro bono counsel and her husband had hired a lawyer to submit an application for a visa for her to travel to the United States. (Docket Entry 36.) Judge Wall granted Mrs. Brojer's request and adjourned the conference to June 5, 2013. (Docket Entry 37.)

On January 21, 2013, the Georges filed the pending motion to dismiss. (Docket Entry 38.) The Court has not received an opposition from Mrs. Brojer.

DISCUSSION

The Court will address the Georges' arguments for dismissal under Rules 12(b)(6) and 41(b) separately.

I.   Motion to Dismiss Under Rule 12(b)(6)

The Georges move to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. However, by answering, the Georges waived their right to seek dismissal under Rule 12(b). See FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is required."). Nonetheless, the Second Circuit has held that Rule 12(b)(6) motions made after the close of the pleadings "should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). Thus, the Court will treat the Georges' motion as one for judgment on the pleadings.

A.  Standard of Review

The standard for deciding a motion pursuant to Rule 12(c) "is identical to that of a Rule 12(b)(6) motion for failure to state a claim." See id.; Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998).  In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555); accord Harris, 572 F.3d at 72.  Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss.  Id. at 679 (citing Twombly, 550 U.S. at 556). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.; accord Harris, 572 F.3d at 72.

While <u>pro se</u> plaintiffs enjoy a somewhat more liberal pleading standard, <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)), they must still comport with the procedural and substantive rules of law, <u>see</u> <u>Colo. Capital v. Owens</u>, 227 F.R.D. 181, 186 (E.D.N.Y. 2005).

B.   <u>Analysis</u>

The Georges read the Amended Complaint as asserting New York state common law claims for false imprisonment and intentional infliction of emotional distress and argue that such claims must be dismissed as time-barred.   "Because the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued."   <u>Overall v. Estate of Klotz</u>, 52 F.3d 398, 403 (2d Cir. 1995); <u>see also</u> <u>Swift v. N.Y. Med. Coll.</u>, 25 A.D.3d 686, 687, 808 N.Y.S.2d 731, 732 (2d Dep't 2006).   "The burden then shift[s] to the plaintiff to establish the applicability of an exception to the statute of limitations, raise an issue of fact as to the applicability of any such exception, or submit evidence sufficient to toll the statute of limitations."   <u>Babu v. Consol. Edison Co. of N.Y., Inc.</u>, 72 A.D.3d 852, 853, 898

N.Y.S.2d 507, 507 (2d Dep't 2010); see also Overall, 52 F.3d at 403. Because the lapse of a limitations period is an affirmative defense that the Georges must plead and prove, the Court can only grant the Georges' motion to dismiss if it is based on facts that appear on the face of the Second Amended Complaint. See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425-26 (2d Cir. 2008).

The Georges argue that the statute of limitations expired in December 2003--one year after Mrs. Brojer returned to India. The Court agrees. False imprisonment and intentional infliction of emotional distress are both intentional torts that are subject to a one-year statute of limitations in New York. See N.Y. C.P.L.R. 215(3); see also Charnis v. Shohet, 2 A.D.3d 663, 663, 768 N.Y.S.2d 638, 639 (2d Dep't 2003); Wilson v. Erra, 94 A.D.3d 756, 756, 942 N.Y.S.2d 127, 129 (2d Dep't 2012). That one-year period commenced, at the absolute latest, in December 2002, when the Georges' returned Mrs. Brojer's passport and she went back to India. See Charnis, 2 A.D.3d at 663, 768 N.Y.S.2d at 639 (stating that false imprisonment claims accrue upon release from confinement); Wilson, 94 A.D.3d at 756, 942 N.Y.S.2d at 129 (stating that intentional infliction of emotional distress claims accrue on the date of injury). As this action was not commenced until December 2011--approximately nine years after her false imprisonment and intentional

infliction of emotional distress claims accrued--these claims are clearly time-barred.

The burden then shifts to Mrs. Brojer to establish that the limitations period should be tolled.  See Overall, 52 F.3d at 403.  Mrs. Brojer has not opposed the motion and, thus, has failed to meet this burden.  Accordingly, to the extent that the Georges seek dismissal of Mrs. Brojer's false imprisonment and intentional infliction of emotional distress claims, their motion is GRANTED.

The Court, however, also reads the Amended Complaint as asserting claims under New York common law for battery and conversion, under New York's Labor Law for unpaid wages, see N.Y. LAB. LAW §§ 170, 190, 652, under the Thirteenth Amendment and 18 U.S.C. § 1584 for indentured servitude, see, e.g., Manliguez v. Joseph, 226 F. Supp. 2d 377, 383 (E.D.N.Y. 2002), and under the Alien Tort Claims Act for violating international law prohibiting human trafficking and slavery, see, e.g., id. at 386; see also Velez v. Sanchez, 693 F.3d 308, 318-20 (2d Cir. 2012).  Thus, to the extent that the Georges seek dismissal of the Amended Complaint in its entirety for failure to state a claim, their motion is DENIED.[2]

_____

[2] Although battery and conversion are also intentional torts subject to a one-year statute of limitations, the Court will not sua sponte dismiss any of the remaining claims as time-barred. See Kropelnicki v. Siegel, 290 F.3d 118, 130 n.7 (2d Cir. 2002)

II.  Motion to Dismiss Under Rule 41(b)

The Georges also argue that the Amended Complaint should be dismissed in its entirety under Rule 41(b) of the Federal Rules of Civil Procedure due to Mrs. Brojer's failure to comply with Judge Wall's orders.  The Court disagrees.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute."  Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).  The Second Circuit has cautioned, however, that "a Rule 41(b) dismissal remains 'a harsh remedy to be utilized only in extreme situations.'" LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972)).

Here, the Georges argue that Mrs. Brojer has failed to comply with Judge Wall's order to obtain counsel and/or provide a date when she will be able to travel to the United States for trial.  However, Mrs. Brojer obtained an extension of time to comply with such orders through June 5, 2013 and appears to have been diligent in her attempts to comply in a timely fashion-- i.e., she reached out to the ACLU and filed a visa application.

---

(stating that "a district court ordinarily should not raise a statute of limitations defense sua sponte" because it "is an affirmative defense that is waived if not raised" (internal quotation marks and citation omitted)).

Thus, she appears to be in full compliance with Judge Wall's directives, and the Court will not dismiss for failure to prosecute at this time.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) the Georges' motion to dismiss for failure to state a claim is GRANTED IN PART and DENIED IN PART. It is granted with respect to Mrs. Brojer's false imprisonment and intentional infliction of emotional distress claims and denied with respect to all remaining claims. It is further ORDERED that:

(2) the Georges' motion to dismiss for failure to prosecute is DENIED with leave to renew should the circumstances warrant such an application;

(3) Mrs. Brojer shall, within thirty (30) days of the date of this Memorandum and Order, either: (i) provide the Court with an updated address for Kochumon so the USMS can attempt to effectuate service or (ii) independently serve Kochumon with the Summons and a copy of the Amended Complaint and provide the Court with proof of service. If Mrs. Brojer fails to provide a proper address or independently serve process on Kochumon within the time prescribed, the claims against Kochumon will be dismissed without prejudice under Rule 4(m) of the Federal Rules

of Civil Procedure for failure to serve process. It is further
ORDERED that:

(4) in forma pauperis status is DENIED for the purpose
of an appeal, because any appeal from this Memorandum and Order
would not be taken in good faith, see 28 U.S.C. § 1915(a)(3);
Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917,
8 L. Ed. 2d 21 (1962); and

(5) counsel for the Georges shall serve a copy of
this Memorandum and Order on the pro se Plaintiff in India as
well as at 307 Vanderbilt Boulevard, Oakdale, NY 11769 and file
proof of service within seven (7) days of the date of this
Memorandum and Order.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     May   1  , 2013
           Central Islip, NY