UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANNAMMA BROJER,

                            Plaintiff,

                                              MEMORANDUM & ORDER
        -against-                      11-CV-3156(JS)(WDW)

KURIAKOSE GEORGE s/h/a GEORGE
KURIAKOSE, ANN KURIAKOSE GEORGE
s/h/a ANNE KURIAKOSE, and KOCHUMON,

                            Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Annamma Brojer, pro se
                  Manthattathil House
                  Eranakulam Kalloorkad
                  Kerala, India 686668

                  Annamma Brojer, pro se
                  307 Vanderbilt Blvd.
                  Oakdale, NY 11769

For Defendants:
The Georges        James M. Carman, Esq.
                  Carman, Callahan & Ingham, LLP
                  226 Main Street
                  Farmingdale, NY 11735

Kochumon            No appearances.

SEYBERT, District Judge:

        Pending before the Court is Magistrate Judge William D.

Wall's Report and Recommendation ("R&R") recommending that this

action be dismissed pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure.  For the following reasons, the Court ADOPTS Judge

Wall's R&R in its entirety.

<u>BACKGROUND</u>

The Court assumes familiarity with the factual and procedural background of this action, which the Court detailed in its Memorandum and Order granting in part and denying in part Defendants Kuriakose and Ann George's motion to dismiss. (Docket Entry 39.) In brief, the plaintiff, Annamma Brojer ("Plaintiff"), resides in India and is unable to obtain a visa to travel to the United States due to past visa violations. At a telephone conference on September 19, 2012, Judge Wall ordered Plaintiff to "get counsel and/or to inform the court in writing when she will be able to travel to this country to prosecute her action." (Docket Entry 35.) Judge Wall warned Plaintiff that failure to comply with his order would result in his recommending to the undersigned that her case be dismissed for failure to prosecute. (Docket Entry 35.) A status conference was scheduled for December 19, 2012.

On November 26, 2012, Plaintiff filed a letter requesting an adjournment of the December status conference to "mid 2013" on the grounds that, among other things, she was awaiting a response from the American Civil Liberties Union's trafficking division regarding her request for pro bono counsel and her husband had hired a lawyer to submit an application for a visa for her to travel to the United States. (Docket Entry 36.) Judge Wall granted Plaintiff's request and adjourned the

conference to June 5, 2013.  (Docket Entry 37.)  In the interim, the Court received a letter from Plaintiff on or around May 6, 2013, requesting that the Court proceed to trial "by phone or skype."  (Docket Entry 40.)  Then, at the June 5 conference, Plaintiff asserted that her efforts to obtain a visa were unsuccessful.  She did not, however, explain why she had not retained or even attempted to retain a lawyer to litigate this action.

On June 6, 2013, Judge Wall issued his R&R finding as follows:

> Under all of the circumstances, I do not see how Mrs. Brojer can possibly prosecute her <u>pro se</u> case from India.  No discovery has been conducted in this two year old matter, and Mrs. Brojer's request (in DE[40]) that the trial be conducted "by phone or skype" is unrealistic at best.  Because the plaintiff has been unable to effectively prosecute this matter thus far, and my finding of the impossibility of prosecution going forward, I recommend that the case be dismissed pursuant to Rule 41(b) for failure to prosecute.

(Docket Entry 43.)  He gave Plaintiff forty-five days to file objections.

The Court received objections from Plaintiff (and her husband) on or around July 9, 2013.  (Docket Entry 44.)  The objections were actually drafted and signed by her husband (<u>id.</u> at 3-5) and contain a cover letter written by Plaintiff which states that she does not speak or write English well so "all papers my

husband writing for me" and asks that the Court "please all accept all papers from my husband" (id. at 1-2).   The objections themselves detail Plaintiff's husband's unsuccessful efforts to obtain a visa and assert that Plaintiff opposes Judge Wall's R&R because "this has been going on for [her and her husband] for ten years and [they] filed all appropriate papers[,] contacted Homeland Security, State dept [sic], ICE, Congress, U.S. Dept. of Justice over a period of 10 years only to be blocked or lied to by such agencies." (Id. at 5.)   Although the objections assert that Plaintiff's husband has contacted "dozens upon dozens" of lawyers, it appears as though he attempted to retain them to assist with her immigration issues so that she may enter the country to litigate this action pro se--not to litigate this lawsuit on her behalf.   (See id. at 3-4 (referring to Plaintiff's husband's attempts to "get her immigration case into court").)

<u>DISCUSSION</u>

I.   <u>Standard of Review</u>

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." <u>Walker v. Vaughan</u>, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).   Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings

4

and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006).

Here, although Plaintiff has submitted only general objections to Judge Wall's R&R, given her pro se status and her difficulty with the English language, in an abundance of caution the Court will conduct a de novo review.

II.  Analysis

       District courts have the authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss a complaint sua sponte for failure to prosecute.  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).  In deciding whether dismissal under Rule 41(b) is appropriate, the court must consider:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Id. (alterations in original) (internal quotation marks and citation omitted).

       The Court finds that all factors weigh in favor of dismissal.  First, the Second Circuit has found delays of six or seven months to be sufficient to justify dismissal under Rule 41(b).  See, e.g., Brow v. City of N.Y., 391 F. App'x 935, 936 (2d Cir. 2010); Nolan v. Primagency, Inc., 344 F. App'x 693, 693 (2d Cir. 2009).  Here, Judge Wall first ordered Plaintiff to either obtain counsel or inform the Court of a date when she will able to travel to the United States to prosecute her action pro se on September 19, 2012.  (Docket Entry 35.)  Nearly a year has passed, and Plaintiff has failed to do either.  Second, Plaintiff was put

on notice that her failure to comply with Judge Wall's order would lead to dismissal.  (Docket Entry 35 (Judge Wall's minute order from a September 19, 2012 conference, indicating that he informed Plaintiff that if she fails to obtain counsel or inform the Court in writing when she will be able to travel to the country, he "will recommend to the district judge that the case be dismissed for failure to prosecute").)   Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (alteration in original) (internal quotation marks and citation omitted), and Plaintiff's objections make it clear that she will not be able to prosecute her action in the near future.   Fourth, although Plaintiff's inability to travel to the United States to prosecute her action pro se is not necessarily a result of her own inaction, there is nothing stopping her from obtaining counsel to litigate this action on her behalf while she remains in India.   Finally, even if this Court were to stay this action pending Plaintiff's return to the United States (which, based on Plaintiff's husband's representations, seems unlikely), Plaintiff admits that she is unable to litigate this action on her own.   Rather, she asks that the Court permit her husband to litigate on her behalf, which, as the Court previously held, is not permissible.   (See July 20, 2011 Order, Docket Entry 6, at 7 (stating that Plaintiff's husband may

not appear on Plaintiff's behalf "unless he is an attorney licensed to practice law").)

CONCLUSION

For the foregoing reasons, the Court hereby:

(1)  OVERRULES Plaintiff's objections;

(2)  AFFIRMS Judge Wall's R&R in its entirety;

(3)  DISMISSES Plaintiff's Amended Complaint WITH PREJUDICE for failure to prosecute;

(4)  DENIES in forma pauperis status for the purpose of an appeal because any appeal from this Memorandum and Order would not be taken in good faith, see 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to terminate all pending motions and to mark this matter CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated:    August   16  , 2013
          Central Islip, NY